IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MICHAEL ENGSTROM, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 8:17CV166 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

| MICHAEL ENGSTROM, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 8:17CV327 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

Michael Engstrom (Engstrom or Petitioner) has filed one habeas corpus petition attacking the related convictions and sentences handed down in Johnson County, Nebraska, and Pawnee County, Nebraska, by the same trial judge.[1] The Respondent has moved for summary judgment primarily on the grounds that the petition is

---

[1] Rule 2(e) of the Rules Governing Habeas Corpus Cases provides that a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Therefore, two federal cases have been created, although the legal issues are identical. All citations to the record are to 8:17CV166.

untimely. Petitioner has not responded. The motion for summary judgment will be granted. I next briefly explain my reasoning.

## *Background*

In two separate but related cases (one filed in the District Court for Johnson County and one filed in the District Court for Pawnee County), Engstrom pled no contest to multiple felonies. Essentially, Engstrom robbed a store in Pawnee County, the police gave chase and the chase ended in Johnson County.

He was sentenced in both cases on January 13, 2014. He took a direct appeal in both cases. The Nebraska Court of Appeals summarily affirmed the convictions and sentences and the mandate in the Johnson County case was issued on October 1, 2014, and the mandate for the Pawnee County case was issued on October 21, 2014. Engstrom did not seek further review by the Nebraska Supreme Court.

Engstrom filed a motion for post-conviction relief in the District Court of Johnson County, Nebraska, on November 23, 2015. The next day, November 24, 2015, he filed a motion for post-conviction relief in the District Court of Pawnee County, Nebraska.

The district judge dismissed the post-conviction actions as untimely under the provisions of [Neb. Rev. Stat. § 29-3001 (West 2016)](), a one-year statute of limitations. Essentially, the judge ruled that more than a year passed after the date of the issuance of the mandates in Engstrom's direct appeals. On February 14, 2017, the Nebraska Court of Appeals affirmed the dismissals agreeing with the district judge.

Engstrom sought further review in each post-conviction case, but his requests were denied. The mandates issued on May 3, 2017. This case was filed on May 15, 2017.

After initial review, I found the following claims might be cognizable:

**Claim One:** Petitioner was denied the effective assistance of counsel because trial counsel allowed Petitioner to enter a guilty plea and be sentenced without a mental evaluation and while the Petitioner was on heavy medication.

**Claim Two:** Petitioner was denied due process of law when the state post-conviction courts denied him relief based upon the alleged fact that the petition for post-conviction action was untimely, particularly when trial and appellate counsel could not raise the mental health issues on direct appeal because counsel in both courts was one and the same and because no evidentiary hearing in the post-conviction proceedings was held to determine whether the untimely filing was due to the Petitioner's mental condition.

As noted above, Engstrom has not disputed the material facts set forth by the Respondent. Indeed, Engstrom has not responded at all. I therefore find that the material facts set forth by Respondent (filing no. 13 at CM/ECF pp. 1-3) are not disputed.

*Analysis*

A one-year statute of limitations applies to habeas corpus petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). "For state prisoners, the limitations period runs from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Gordon v. Arkansas*, 823 F.3d 1188, 1194-1195 (8th Cir. 2016) (State prisoner who filed his federal habeas petition nearly eight months after one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA) failed to show that he exercised reasonable diligence in pursuit of his rights, as required for equitable tolling, despite his contention that he was in the prison's mental health unit for four months following his guilty plea) (citation omitted).

Here it is undisputed that more than one year passed between the issuance of the mandates in the direct appeals (October 1, 2014 and October 21, 2014) and the filing of the state post-conviction actions (November 23, 2015 and November 24, 2015).[2] That being so, the AEDPA statute of limitations ran out long before this federal action was filed.

Even though Engstrom has not responded, I have considered whether his petition and associated documents might provide him an escape from the statute of limitations through the device of equitable tolling. A litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner has not established either one of these two elements.

There are references to Engstrom having mental health problems that required medication. However, attached to Engstrom's post-conviction motion in the Johnson County case is a transcript of the plea-taking proceeding where Engstrom told the judge that while he had a head injury "a few years ago . . . I'd say I'm fine." (Filing no. 12-9 at CM/ECF p. 23.) Additionally, Engstrom told the judge about the medications he was taking, observing that he had taken his medications "last night" and believed he was "clearheaded" and understood "clearly the nature of these proceedings and the consequences." (*Id.* at CM/ECF pp. 27-28.) Still further, his

---

[2] For a state prisoner like Petitioner who does not seek review in a state's highest court, the judgment becomes "final," within meaning of Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations for habeas petitions, on the date that the time for seeking such review expires. *See*, *e.g.*, *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008), abrogated in part by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). Giving Engstrom the benefit of every doubt, I have measured the clock starting time from the date the mandates were issued regarding the direct appeals.

4

petition in this case and in the state post-convictions actions were clear and well-written.

There are also references in some of the documents to a prison riot[3] and a suggestion that the riot may have impaired Engstrom's ability to timely file for relief. But even Engstrom seems to admit that he had "the assistance of legal aids within Tecumseh [the prison where the riot took place] . . . ." (Filing no. 1 at CM/ECF p. 7.) In any event, there is certainly no competent evidence that the prison riot would have impaired Engstrom's ability to file an action for an entire year or even for a particularly long period of time.

In short, I agree with the Nebraska Court of Appeals:

> The fact that Engstrom alleges a mental disadvantage from an injury he claims occurred in March 2011, years before his convictions and sentencings, does not explain why those circumstances prevented him from filing his postconviction motions by October 1 and 21, 2015. There is nothing to indicate that Engstrom attempted to file before the statutory deadlines or otherwise diligently pursued his rights during those 1-year periods. Further, there was no extraordinary circumstance which prevented a timely filing.

(Filing no. 12-14 at CM/ECF p. 5.)[4]

---

[3] According to the Nebraska Court of Appeals, the prison riot took place on May 10, 2015. (Filing no. 12-14 at CM/ECF p. 3.)

[4] Additionally, in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would

5

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED the petition for a writ of habeas corpus (filing no. 1) is denied and dismissed with prejudice. A separate judgment will be issued. However, no certificate of appealability will be issued.

DATED this 8th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27. Petitioner has not come close to making such a showing.